Donald J. **NEESE**, Appellant,

v.

Charles **DIETZ**, Appellee.

No. 01–90–00897–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 12, 1992.

Rehearing Denied Feb. 11, 1993.

William E. Ryan, Houston, for appellant.

Vance Christopher, Kathleen Hopkins Alsina, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and PRICE,[1] JJ.

## OPINION

MIRABAL, Justice.

This is a rear-end collision case. The jury found in favor of the defendant on the liability questions, and found the plaintiff suffered "0" damages. Plaintiff appeals the take-nothing judgment.

In four points of error, plaintiff asserts the evidence is legally and factually insufficient to support the jury's findings. We affirm.

The afternoon of April 4, 1985, Dr. Donald J. Neese, plaintiff, picked up his 13-year old daughter from school. As he drove with his daughter, he traveled toward downtown Houston on the Southwest Freeway. He took the Kirby exit off the Freeway, and moved into the right-hand turn lane. He intended to turn right onto Kirby, and stopped in advance of the yield sign.[2] He moved forward, then stopped again. Shortly thereafter, the car behind, driven by defendant Charles Dietz, collided with him. Plaintiff claimed he suffered two herniated discs in his neck as a result of this collision and sought to recover the cost of multiple surgeries and other damages from defendant and General Motors, the manufacturer of defendant's car. Plaintiff does not appeal the verdict in favor of General Motors.

In reviewing legal insufficiency points or "no evidence" points, we consider only the evidence and inferences that tend to support the finding, and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988). If there is any evidence of probative force to support the finding, the point of error must be overruled and the finding upheld. *Sherman v.*

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, *sitting by assignment.*

2. Traffic on the access road could also go straight, through a stop light, and continue past the Kirby intersection. The stop light, however, did not control right hand turns. Traffic turning right had its own lane and was governed by a separate yield sign.

*First Nat'l Bank,* 760 S.W.2d 240, 242 (Tex.1988).

◼ In reviewing factual sufficiency challenges, this Court must examine all of the evidence and, having considered and weighed all the evidence, set aside the finding only if the evidence is so weak or the finding so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Glockzin v. Rhea,* 760 S.W.2d 665, 666 (Tex.App.— Houston [1st Dist.] 1988, writ denied). This Court cannot substitute its opinion for that of the trier of fact and determine that it would reach a different conclusion. *Glockzin,* 760 S.W.2d at 666.

◼ When "no evidence" and "factual insufficiency" points of error are raised on appeal, the appellate court will address the "no evidence" point first. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex. 1981).

In his second point of error, plaintiff asserts that the trial court erred in overruling his motion for new trial because the evidence conclusively established as a matter of law that defendant was negligent, and his negligence was a proximate cause of the collision.

Jury question number five asked, "Was the negligence, if any, of Charles Dietz a proximate cause of the occurrence in question?" The jury answered, "No."

The jury charge included the following relevant definitions:

"NEGLIGENCE" means a failure to use ordinary care; that is to say, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"PROXIMATE CAUSE" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

⋅ ⋅ ⋅ ⋅ ⋅

"ORDINARY CARE" is meant that degree of care which would be exercised by a person of ordinary care and prudence under the same or similar circumstances.

◼ Plaintiff had the burden of proving defendant was negligent, and his negligence was a proximate cause of the occurrence. A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989). First, the record must be examined for evidence that supports the jury's finding, while ignoring all evidence to the contrary. *Id.* Second, if there is no evidence to support the fact finder's answer, then, the entire record must be examined to see if the contrary proposition is established as a matter of law. *Id.*

Three witnesses to the accident testified at trial: plaintiff, plaintiff's daughter, and defendant. Defendant testified that prior to the accident, he was in the right turn lane where there was a yield right-of-way sign. Plaintiff's vehicle was in front of him in the same lane. When defendant first noticed plaintiff's vehicle, it was stopped in the right turn lane. Plaintiff's vehicle then appeared to proceed onto Kirby. Defendant did not take his eyes off of plaintiff's vehicle until he saw it pull forward. At that point, defendant looked to the left down Kirby to see if it was clear for him also to proceed onto Kirby. Defendant saw no on-coming traffic. Defendant's car was approximately three-fourths of a car length behind plaintiff's car going five miles per hour or less. As plaintiff's vehicle proceeded onto Kirby, it stopped again, even though there was no traffic coming from the left on Kirby. Defendant slammed on his brakes and his car bumped into plaintiff's car. Defendant had his foot on the brake the entire time, and at the time of actual contact between the vehicles, his foot was on the brake.

Plaintiff testified that he pulled into the half-moon turn lane at the Kirby intersection and stopped behind another car. When the car in front of him moved forward, plaintiff pulled forward and then stopped again. Defendant's car then hit the back of plaintiff's car. Plaintiff offered no explanation for having stopped the second time.

Plaintiff's 13–year–old daughter repeated that her father had stopped at the yield sign behind another car, moved forward, and then stopped again. She stated that he stopped the second time because there was a white truck on Kirby.

■ Texas courts have held that the mere occurrence of a rear-end automobile accident is not of itself evidence of negligence as a matter of law. *Smith v. Central Freight Lines, Inc.*, 774 S.W.2d 411, 412 (Tex.App.—Houston [14th Dist.] 1989, writ denied); *Vandyke v. Austin Indep. Sch. Dist.*, 547 S.W.2d 354, 357 (Tex.Civ. App.—Austin 1977, writ denied). The plaintiff must prove specific acts of negligence on the part of the following driver and must also prove proximate cause. *Id.*

The intersection where the impact occurred is marked by a yield sign. A yield sign does not require a complete stop.[3] Similarly, in *Gaitan v. Reyes Salvatierra*, the circumstances did not require a complete stop by the lead driver. The defendant collided with the rear of the plaintiff's vehicle that was stopped on the entrance ramp to an expressway. The jury found that the defendant was not negligent, and the take-nothing judgment was affirmed on appeal. The *Gaitan* court distinguished that case from those where the lead driver is required to stop, and stated:

The jury heard all of the evidence, observed the witnesses and acquitted defendant of any negligence. In cases of this character standards of ordinary care cannot be fixed with any degree of certainty but must be left in large measure to the trier of the facts. The jury is not only the judge of the facts and circumstances proven, but may also draw reasonable inferences and deductions from the evidence adduced before it.

*Gaitan v. Reyes Salvatierra*, 485 S.W.2d 602, 604 (Tex.Civ.App.—San Antonio 1972, no writ). *See also Langford v. Pearson*, 334 S.W.2d 473, 476 (Tex.Civ.App.—Waco 1960, writ ref'd n.r.e.).

■ In the instant case, plaintiff failed to persuade the jury that defendant was negligent or that his negligence was a proximate cause of the accident. We find the evidence is legally sufficient to support the jury's answers in light of defendant's testimony that plaintiff began to pull out onto Kirby and then stopped for no apparent reason, and defendant turned his head to look for oncoming traffic from Kirby only when he saw plaintiff's vehicle proceed onto Kirby. We overrule point of error two.

In his first point of error, plaintiff asserts that the trial court erred in overruling his motion for new trial because the jury finding of no negligence and no proximate cause is so against the great weight and preponderance of the evidence as to be manifestly unjust.

■ In this case, there was some contradictory evidence in the record from which the jury might have reached a different conclusion on the issue. The conflicts in the evidence and the credibility of the witnesses were for the jury to resolve, not this

3. Article 6701d, section 73 of the Texas Revised Civil Statutes Annotated provides in relevant part:
    (a) Preferential right-of-way at an intersection may be indicated by stop signs or yield signs. . . .
    (c) The driver of a vehicle approaching a yield sign shall in obedience to such sign slow down to a speed reasonable for the existing conditions and shall yield the right-of-way to any vehicle in the intersection or approaching on another highway so closely as to constitute

an immediate hazard during the time such driver is moving across or within the intersection.
Tex.Rev.Civ.Stat.Ann. art. 6701d, § 73 (Vernon 1977).
The Texas Supreme Court has interpreted the statutory right-of-way under the provisions of this statute as "not absolute but relative." *McWilliams v. Muse*, 157 Tex. 109, 300 S.W.2d 643, 645 (1957); *see Kiebach v. Luker*, 476 S.W.2d 46, 50 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ).

Court. *Rego Co. v. Brannon,* 682 S.W.2d 677, 680 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). The record does not show that the evidence is so contrary to the jury's finding that the finding is clearly wrong or manifestly unjust. There was testimony from defendant that he kept his eyes on plaintiff's car until he saw it pull out into Kirby; that he then looked to his left to see if it was safe for him to also proceed, and he saw no on-coming traffic; that he was traveling at five miles per hour or less, and that he saw no reason for plaintiff to stop again. Plaintiff did not explain why he stopped again. We find the evidence is factually sufficient to support the jury's answers. We overrule point of error one.

In his third and fourth points of error, plaintiff asserts the trial court erred in overruling his motion for new trial because the evidence establishes as a matter of law that he suffered injury, and that the finding of "0" damages by the jury is so against the overwhelming great weight and preponderance of the evidence that it is manifestly wrong and unjust.

■ When the jury has answered jury questions on liability in the negative, and the negative finding is supported by the evidence, the failure of the jury to award damages is not reversible error. *Johnson v. Whitehurst,* 652 S.W.2d 441, 449 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Southern Pine Lumber Co. v. Andrade,* 132 Tex. 372, 124 S.W.2d 334, 335 (Tex.Comm'n App.1939). Accordingly, we overrule points of error three and four.

We affirm the judgment.