NUMBER 13-01-827-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 

PHILLIP WAYNE PEARSON AND

GRACE KATHRYN PEARSON, Appellants,



v.


DEBOER, INC., Appellee.


On appeal from the 139th District Court

of Hidalgo County, Texas.

 

O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Amidei (1)

Opinion by Chief Justice Valdez



 Phillip Wayne Pearson and Grace Kathryn Pearson appeal a take-nothing judgment in favor of DeBoer, Inc., in a suit
involving a motor vehicle accident. Phillip Pearson was traveling on a multi-lane highway in stop and go traffic when his
vehicle was struck from the rear by a tractor-trailer rig driven by Javier Garcia, who was driving in the course and scope of
his employment with DeBoer, Inc. Pearson brought suit against Garcia and DeBoer, Inc. for property damage to his vehicle
and personal injuries to his head and neck. (2) Following trial, the case was submitted to the jury on a general negligence
question ("Did the negligence, if any, of JAIME GARCIA proximately cause the occurrence in question?"), and the jury
unanimously answered "no." 

 On appeal, the Pearsons attack the legal and factual sufficiency of the evidence to support the jury's finding that Jaime
Garcia was not negligent. We affirm the judgment of the trial court. 

Standard of Review


 When a party attacks the legal sufficiency of an adverse finding on which he has the burden of proof, he must demonstrate
on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. Dow Chem. Co. v. Francis,
46 S.W.3d 237, 241 (Tex. 2001). In reviewing a "matter of law" challenge, the reviewing court first examines the record
for evidence that supports the finding while ignoring all evidence to the contrary. Id. Only if there is no evidence to
support the finding, the reviewing court then examines the entire record to determine if the contrary proposition is
established as a matter of law. Id. The point of error should be sustained only if the contrary proposition is conclusively
established. Id. If there is any evidence of probative force to support the jury's findings, the sufficiency challenge must
fail. ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex. 1997).

 When a party attacks the factual sufficiency of an adverse finding on an issue on which he has the burden of proof, he must
demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. Dow Chem.
Co., 46 S.W.3d at 242. The court of appeals must consider and weigh all of the evidence, and can set aside a verdict only if
the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly
wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). In doing so, the court of appeals must "detail the
evidence relevant to the issue" and "state in what regard the contrary evidence greatly outweighs the evidence in support of
the verdict." Dow Chem. Co., 46 S.W.3d at 242 (quoting Pool v. Ford Motor Co., 715 S.W.2d 629, 63 (Tex. 1986)). 

Background

 

 At the time of the accident, the parties were traveling on I-635 in Dallas, Texas, at approximately 3:00 p.m. The roadway
was dry and visibility was good. The parties do not allege that any vehicular malfunction caused the accident at issue. The
speed limit on the interstate was sixty miles per hour, but in the course of one-half mile, traffic had come to a complete stop
two times. After the second stop, Garcia increased his speed to thirty to thirty-five miles per hour, then traffic came to a
stop again, and Garcia rear-ended Pearson. Traffic in the left lane was moving more rapidly than in Pearson's lane, and the
other lanes had stopped or were stopping at the time of the incident. 

 Garcia testified that he was traveling at thirty miles an hour and was "real close" when he realized the traffic ahead of
Pearson and in the lanes on either side was stopping. Only twenty-five feet separated the two vehicles when Garcia
realized Pearson's vehicle was stopped. Garcia testified he did not have time to swerve to the left or right, or honk his horn. 
He testified that he was not distracted and was keeping a proper lookout, but that he "didn't expect for [Pearson] to stop so
quickly." Garcia testified that he did not see any brake lights on Pearson's vehicle, "like he was still coasting, he was still
moving." In response to questioning by defense counsel, Garcia testified he did not believe that Pearson did anything to
cause the accident. 

 According to Pearson, the traffic had been "stop and go" for a "good ways." Pearson came to a "dead stop," leaving about
ten feet separating his vehicle and the vehicle in front of him. The traffic started moving again, and Pearson shifted into
first gear and began moving. Pearson testified that he "cleared" his mirror on the right and looked to the left, and the
impact then occurred. The impact with Garcia did not propel Pearson's vehicle into the vehicle in front of him.

 The parties did not stop their vehicles, but instead drove their vehicles to the side of the highway, and Pearson telephoned
for assistance. Pearson declined medical assistance at the scene.

 Appellants ask us to find the evidence factually and legally insufficient based on the fact that Garcia admittedly was
following Pearson at a close distance to prevent anyone from cutting into his lane, that Garcia said he "couldn't judge" or
"didn't' judge the distance properly," and that Garcia admitted that the accident was "partly" his fault. Nevertheless Garcia
testified that he did not think the accident was preventable, and that he was unable to maintain a greater following distance
"because of the traffic." 

Analysis


 The mere occurrence of a rear-end automobile accident is not of itself evidence of negligence. DeLeon v. Pickens, 933
S.W.2d 286, 289 (Tex. App.-Corpus Christi 1996, writ denied); Neese v. Dietz, 845 S.W.2d 311, 314 (Tex. App.-Houston
[1st Dist.] 1992, writ denied); Smith v. Cent. Freight Lines, Inc., 774 S.W.2d 411, 412 (Tex. App.-Houston [14th Dist.]
1989, writ denied); Vandyke v. Austin Indep. Sch. Dist., 547 S.W.2d 354, 357 (Tex. Civ. App.-Austin 1977, writ denied). 
The plaintiff must prove specific acts of negligence on the part of the following driver and must also prove proximate
cause. Neese, 845 S.W.2d at 314. 

 The issue of whether a rear-end collision raises an issue of negligence or establishes it as a matter of law depends on all the
facts and circumstances of the particular case. DeLeon, 933 S.W.2d at 289. Whether the plaintiff succeeds in proving
negligence and proximate cause by a preponderance of the evidence is within the jury's province to determine. Smith, 774
S.W.2d at 412.

 Appellants base their arguments for reversal, in part, on section 545.062 of the transportation code, which requires a driver
following another driver to maintain "an assured clear distance between the two vehicles." See Tex. Transp. Code Ann. §
545.062 (Vernon Supp. 2003). However, a breach of this section of the transportation code does not create per se
negligence, but instead creates the same duty of reasonable care as under the common law. Louisiana-Pac. Corp. v.
Knighten, 976 S.W.2d 674, 675 (Tex. 1998) (per curiam).

 "In cases of this character, standards of ordinary care cannot be fixed with any degree of certainty, but must be left in large
measure to the trier of the facts." Neese, 845 S.W.2d at 314 (discussing rear-end vehicular collisions). The jury heard all
of the evidence, observed the witnesses, and acquitted Garcia of any negligence that was the proximate cause of the
Pearsons' damages. The evidence is legally sufficient to support the jury's verdict in light of the parties' descriptions of the
traffic patterns and Garcia's testimony regarding his perception of the traffic and Garcia's belief that Pearson's vehicle was
moving with the traffic. See ACS Investors, Inc., 943 S.W.2d at 430. 

 With regard to the factual sufficiency of the evidence, we agree with appellants that the jury had before it contradictory
evidence in the record from which the jury might have reached a different conclusion. However, the conflicts in the
evidence and the credibility of the witnesses were for the jury to resolve, not this Court. See id. Based on our review of the
record, we cannot say that the evidence is so weak or the finding is so against the great weight and preponderance of the
evidence that it is clearly wrong and unjust. See Cain, 709 S.W.2d at 176.

 We affirm the judgment of the trial court. 

 

ROGELIO VALDEZ

Chief Justice







Opinion delivered and filed

this 30th day of January, 2003.

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. During pre-trial proceedings, appellee DeBoer stipulated that Garcia was acting in the course and scope of his
employment with DeBoer, and appellants agreed not to seek recovery from Garcia individually. Thus, Garcia is not
a party to this appeal.