NUMBER 13-02-091-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

LUCILIA HERNANDEZ,                                                               Appellant,

v.

CAROL SHEPPARD KAPLAN,                                                   Appellee.
                                                                                                                                       

On appeal from County Court at Law Court No. 1 
of Nueces County, Texas.
                                                                                                                      
 
MEMORANDUM OPINION

Before Justices Yañez, Castillo, and Garza
Memorandum Opinion by Justice Yañez
 

          This is a car collision case. The appellant, Lucilia Hernandez, was rear-ended by
Roberto Ortiz, who appellant alleges was first hit by Carol Kaplan, appellee. The jury found
in favor of Kaplan on the liability questions and found that Hernandez suffered no
damages. Hernandez appeals the take-nothing judgment. We affirm.
          In her single issue, Hernandez asserts the evidence is factually insufficient to
support the jury’s findings and that the trial court erred in denying her motion for new trial
because the jury’s verdict was against the great weight and preponderance of the
evidence.
Standard of Review
          “In reviewing factual sufficiency challenges, this Court must examine all of the
evidence and, having considered and weighed all the evidence, set aside the finding only
if the evidence is so weak or the finding so against the great weight and preponderance
of the evidence that it is clearly wrong and unjust.” Neese v. Dietz, 845 S.W.2d 311, 313
(Tex. App.–Houston [1st Dist.] 1992, writ denied) (citing Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986)). “This Court cannot substitute its opinion for that of the trier of fact and
determine that it would reach a different conclusion.” Neese, 845 S.W.2d at 313.
Analysis
          Appellant asserts that the evidence is factually insufficient to support the jury’s
findings (no negligence, no damages) because the evidence conclusively established as
a matter of law that defendant was negligent and that her negligence was a proximate
cause of the collision.
          Jury question number one asked, “Did the negligence, if any, of the persons named
below proximately cause the occurrence in question.” The jury answered, “No.” The jury
charge included the following relevant definitions:
“Negligence” means failure to use ordinary care; that is to say, failure to do
that which a person of ordinary prudence would have done under the same
or similar circumstances, or doing that which a person of ordinary prudence
would not have done under the same or similar circumstances.
 
“Proximate Cause” means that cause, which, in a natural and continuous
sequence, produces an event, and without which cause such event would
not have occurred; and in order to be a proximate cause, the act or omission
complained of must be such that a person using ordinary care would have
foreseen that the event, or some similar event, might reasonably result
therefrom. There may be more than one proximate cause of an event.
 
“Ordinary Care” means that degree of care, which would be used by a
person of ordinary prudence under the same or similar circumstances.

          Three witnesses to the accident testified at trial: Hernandez, Ortiz, and Kaplan. 
Hernandez testified that she stopped her Pontiac Grand Am behind other vehicles in traffic
and was hit from behind by Ortiz’s Ford Bronco. Ortiz, through a deposition read into the
record, testified that Kaplan’s Honda Accord hit the back of his Bronco and caused the
Bronco to then hit Hernandez’s Grand Am.
          “Texas courts have held that the mere occurrence of a rear-end automobile accident
is not of itself evidence of negligence as a matter of law.” Id. at 314; DeLeon v. Pickens,
933 S.W.2d 286, 289 (Tex. App.–Corpus Christi 1996, writ denied). The plaintiff must
prove specific acts of negligence on the part of the following driver and must also prove
proximate cause. Neese, 845 S.W.2d at 314.
          In this case, there were conflicting accounts of whether Ortiz or Kaplan was
responsible for the collision with Hernandez. Kaplan testified that she saw Ortiz’s Bronco
stopped in front of her too late to avoid a collision, so she “slammed on” her brakes and 
her Accord “went underneath him.” Kaplan admitted that she was negligent in running into
the back of Ortiz’s Bronco. She testified that Ortiz’s Bronco did not move forward on their
collision. She testified that she did know whether or not Ortiz’s Bronco struck the back of
Hernandez’s Grand Am before she struck the Bronco. The investigating officer testified
that the photographs of the damage to the vehicles were consistent with Kaplan’s account. 
Ortiz testified that, in the collision, his body first moved forward (away from the seat), then
backwards (into the seat). Hernandez testified that her body first moved backwards then
forward. At trial, appellee’s counsel argued that the testimony of Hernandez and Ortiz was
inconsistent with Kaplan having caused the accident because Ortiz’s body movement was
consistent with his Bronco striking Hernandez’s Grand Am before his Bronco was struck
by Kaplan’s Accord. Appellee argued that if Ortiz’s Bronco had been struck first, his body,
like Hernandez’s body, would have initially been pressed into the seat.
          “The conflicts in the evidence and the credibility of the witnesses were for the jury
to resolve, not this Court.” Id. at 314-15 (citing Rego Co. v. Brannon, 682 S.W.2d 677, 680
(Tex. App.–Houston [1st Dist.] 1984, writ ref’d n.r.e.)). Furthermore, “[t]he jury is not only
the judge of the facts and circumstances proven, but may also draw reasonable inferences
and deductions from the evidence adduced before it.” Id. at 314 (citing Gaitan v. Reyes
Salvatierra, 485 S.W.2d 602, 604 (Tex. Civ. App.–San Antonio 1972, no writ)). The jury
heard all of the evidence, observed the witnesses and exhibits, and absolved appellee of
any negligence. Id. The evidence outlined above supports such an answer. The record
does not show that the evidence is so contrary to the jury’s finding on negligence that this
finding is clearly wrong or manifestly unjust. Id. We hold the evidence is factually sufficient
to support the jury’s answer on negligence. Having affirmed the jury’s finding of no
negligence, it follows that their finding of zero damages was also supported by factually
sufficient evidence.
          Appellant also asserts that the trial court erred in denying her motion for new trial
based on the jury’s verdict being against the great weight and preponderance of the
evidence. In reviewing a trial court’s ruling on a motion for new trial, the standard is abuse
of discretion. Director v. Evans, 889 S.W.2d 266, 268 (Tex. 1994). Considering our
holding that the evidence is factually sufficient, the trial court did not abuse its discretion
in denying the motion for new trial.
          Having considered appellant’s assertions, we overrule appellant’s single issue. The
judgment of the trial court is affirmed.






                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice





Opinion delivered and filed this the
29th day of January, 2004.