Opinion issued November 15, 2007





 








     



In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00138-CV




CHARLOTTE NGO BIBAI AND IMAOBONG NDA, Appellants

V.

DOM KIM NGUYEN, Appellee




On Appeal from County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 823304




MEMORANDUM OPINION

          Appellants, Charlotte Ngo Bibai and Imaobong Nda, sued appellee, Dom Kim
Nguyen (“Nguyen”), after Nguyen’s vehicle hit the rear of the vehicle in which
appellants were passengers. A jury found that Nguyen was not negligent, and the trial
court ordered that appellants take nothing. 
          In what we construe as two issues, appellants contend that (1) the trial court
erred by excluding photographic evidence of the property damage and an estimate of
repairs and (2) the evidence is factually insufficient to support the jury’s finding that
Nguyen was not negligent.
          We affirm.
BACKGROUND
          On March 21, 2004, appellants were back-seat passengers in a Honda mini-van,
which was owned and driven by Sunny Imeh. Imeh, who is not a party to this suit,
is appellant Bibai’s cousin and appellant Nda’s husband. The mini-van was stopped
on a feeder road of Interstate-10 at the intersection of Fry Road in west Houston,
waiting for the traffic light to change, when Nguyen’s vehicle, a Toyota SUV,
collided with the back of the mini-van.
          Appellants sued Nguyen for negligence, alleging damages for bodily injuries,
pain and suffering, and damage to the mini-van. Specifically, appellants sought to
recover “actual damages for each person, in maximum amount, [Bibai] ($15,000) and
[Nda] ($15,000),” plus costs and interest.
 
          On October 26, 2006, the case was tried to a jury. Nguyen conceded that he
had hit the mini-van, but contended that it was merely an accident. Nguyen testified
that he had come to a complete stop approximately five feet behind the mini-van and
sat there for a few seconds. He suddenly felt an intense burning in his eye, and his
foot slipped off of the brake and onto the accelerator. Nguyen testified that his
vehicle lurched forward into the back of the mini-van. Nguyen said that he
immediately got out of his vehicle and went to check on the people in the mini-van. 
There were five people in the mini-van, including appellants, and they all climbed
out, seemingly uninjured. Nguyen testified that neither vehicle had to be towed and
that his vehicle sustained a scratch on the bumper that did not require repairs. 
          Bibai testified that they were sitting at the light, that she heard a brake from
behind, and that Nguyen’s vehicle hit theirs. Bibai testified that she suffered severe
pain in her neck, back, and right hand. Bibai testified that they drove the mini-van
to the hospital after the collision, but that they left without treatment because the wait
to be seen was too long and they did not have enough money. Bibai went to a doctor
a few days later, who prescribed ibuprofen and a muscle relaxer. The doctor
instructed Bibai to return for a follow-up visit if she was still experiencing problems,
but Bibai did not return. Bibai then underwent two months of treatment with a
chiropractor and fully recovered. Bibai testified that Nguyen had stated at the scene
that his foot had slipped and that she believed that the damages to the mini-van were
consistent with Nguyen’s foot having slipped off of the brake.
          Nda testified that Nguyen had slammed into the back of the mini-van and that
Nguyen had stated at the scene that he had just changed lanes when he hit them. Nda
suffered pain in her neck, shoulder, and lower back, and underwent five weeks of
chiropractic treatment. Nda testified that she and Imeh owned the mini-van and that
the cost to repair the damage to the mini-van was $3,000.
          The jury was asked whether it found that the negligence of Nguyen or Imeh had
proximately caused the occurrence in question, and the jury responded “No” to each. 
On November 8, 2006, the trial court rendered judgment for Nguyen, ordering that
appellants take nothing. Appellants’ motion for new trial was overruled by operation
of law.
Factual Sufficiency
          In what we construe as their second issue, appellants challenge the factual
sufficiency of the evidence. Specifically, appellants contend that the jury’s verdict
that Nguyen was not negligent is against the great weight and preponderance of the
evidence. 
          When a party attacks the factual sufficiency of an adverse finding on an issue
on which she has the burden of proof, she must demonstrate on appeal that the
adverse finding is against the great weight and preponderance of the evidence. Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). As the reviewing court, we
may not act as factfinder and may not pass judgment on the credibility of witnesses
or substitute our judgment for that of the trier of fact. Golden Eagle Archery, Inc. v.
Jackson, 116 S.W.3d 757, 761 (Tex. 2003). We consider and weigh all of the
evidence and set aside the verdict only if the evidence is so weak or if the finding is
so against the great weight and preponderance of the evidence that it is clearly wrong
and unjust. Francis, 46 S.W.3d at 242.
          Appellants contend that “[r]egardless of the amount of the impact, the fact that
[Nguyen] did not maintain an assured clear distance between his car and that of 
[appellants’] shows that he was negligent.” Section 545.062 of the Transportation
Code provides that a driver following another driver is required to maintain an
“assured clear distance between the two vehicles so that, considering the speed of the
vehicles, traffic, and the conditions of the highway, the operator can safely stop
without colliding with the preceding vehicle or veering into another vehicle, object,
or person on or near the highway.” Tex. Transp. Code Ann. § 545.062 (Vernon
1999). However, the supreme court has held that a breach of section 545.062 does
not constitute negligence per se. Louisiana-Pacific Corp. v. Knighten, 976 S.W.2d
674, 675 & n.1 (Tex. 1998) (construing substantively same language in predecessor
statute, Tex. Rev. Civ. Stat. art. 6701d, § 61(a)). Section 545.062 imposes on the
driver the same duty of reasonable care as that imposed under the common law. See
id. 
          Under common law, the mere occurrence of a rear-end collision does not
establish negligence as a matter of law. Neese v. Dietz, 845 S.W.2d 311, 314 (Tex.
App.—Houston [1st Dist.] 1992, writ denied); see Jordan v. Sava, 222 S.W.3d 840,
850 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The plaintiff must prove specific
acts of negligence on the part of the defendant driver and must prove proximate
cause. Neese, 845 S.W.2d at 314. With regard to rear-end collisions, “standards of
ordinary care cannot be fixed with any degree of certainty, but must be left in large
measure to the trier of the facts.” Id. Conflicts in the witnesses’ testimony present
credibility questions for the jury to resolve. Id. at 314–15.
          The evidence shows that Nguyen conceded at trial that he hit the mini-van, but
he contended that it was merely an accident. Nguyen testified that he came to a stop
at the traffic light approximately five feet behind the mini-van, that he got something
in his eye, that his foot slipped off of the brake and touched the accelerator, and that
his vehicle lurched forward into the back of the mini-van. 
          Bibai testified that they were sitting at the light, that she heard a brake behind
her, and that Nguyen’s vehicle hit them. Bibai testified that Nguyen stated at the
scene that his foot had slipped and that she believed that the damages to the mini-van
were consistent with Nguyen’s foot having slipped off of the brake. Nda testified that
Nguyen slammed into the back of the mini-van, but that Nguyen had stated after the
collision that he had just changed lanes when he hit them.
          At the close of trial, the jury was instructed on negligence as follows:
“Negligence” means failure to use ordinary care, that is failing to do that
which a reasonable person or ordinary prudence would have done under
the same or similar circumstances, or doing that which a person of
ordinary prudence would not have done under the same or similar
circumstances.
“Ordinary care” means that degree of care that would be used by a
person of ordinary prudence under the same or similar circumstances.
“Proximate cause” means that cause which, in a natural and continuous
sequence, produces an event, and without which cause such event would
not have occurred. In order to be a proximate cause, the act or omission
complained of must be such that a person using ordinary care would
have foreseen that the event, or some similar event, might reasonably
result therefrom. There may be more than one proximate cause of an
event. 

 
          The question posed to the jury was, “Did the negligence, if any, of [Nguyen
(and/or Imeh)] proximately cause the occurrence in question?” (Emphasis added.) 
The jury unanimously answered, “No.”  

          Evidence supporting the finding exists in the testimony of Nguyen and Bibai. 
Nguyen testified that his foot accidentally slipped off of the brake and onto the
accelerator, causing Nguyen’s vehicle to lurch forward. Bibai did not dispute
Nguyen’s testimony; rather, she testified that she believed that the damage to the
vehicle was consistent with Nguyen’s testimony. Contrary evidence is found in
Nda’s testimony. Nda testified that Nguyen had stated at the scene of the collision
that he had just switched lanes when he struck appellants.

          Assessing the credibility of the witnesses is within the province of the jury. 
See Jackson, 116 S.W.3d at 761; Neese, 845 S.W.2d at 314–15. Here, appellants
failed to prove to the satisfaction of the jury that Nguyen was negligent in allowing
his car to move forward and strike appellants’ vehicle. 

          Considering the record as a whole, we cannot conclude that the evidence is so
weak or that the finding is so against the great weight and preponderance of the
evidence that it is clearly wrong and unjust. See Francis, 46 S.W.3d at 242; Barkley
v. Dudley, 495 S.W.2d 280, 282 (Tex. Civ. App.—Houston [1st Dist.] 1973, writ
ref’d n.r.e.) (concluding that evidence would permit, but did not require, an inference
of negligence and upholding jury’s finding that driver was not negligent after foot
slipped from clutch pedal in rear-end collision at stop sign). We hold that the
evidence is factually sufficient. 

          Accordingly, we overrule appellants’ second issue.

 
 
Exclusion of Evidence

          In their first issue, appellants contend that the trial court erred by excluding
photographic evidence of the damage to the mini-van and an estimate of the cost of
repairs. The trial court excluded the evidence on the bases that Nda did not have title
to the mini-van and that the damage estimate constituted hearsay. 

          The record shows that appellants objected at trial to the exclusion of this
evidence. In their offer of proof, appellants asserted that the evidence would support
Nda’s claim of damages to the mini-van.


 Specifically, Nda would testify that she
owned the mini-van. In addition, contended appellants, the damage estimate was
submitted by Nguyen and therefore did not constitute hearsay. 

          We review a trial court’s decision to exclude evidence for an abuse of
discretion. Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex.
1998). A trial court abuses its discretion when it acts without reference to any
guiding rules or principles. Id. We must uphold the trial court’s evidentiary ruling
if has any legitimate basis. Id. Unless an erroneous evidentiary ruling by the trial
court probably caused the rendition of an improper judgment, we will not reverse the
ruling. Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 906 (Tex. 2000). 

          As Nguyen contends, appellants sought to admit the evidence at issue to
support their claim of damage to the mini-van. However, the jury found that Nguyen
was not negligent. As such, appellants have not shown that any error in the exclusion
of the evidence of damages probably caused the rendition of an improper judgment
regarding liability. See Malone, 972 S.W.2d at 43. Without a finding of liability, the
level of damages is immaterial. See Mitchell v. Bank of Am., 156 S.W.3d 662, 627
(Tex. App.—Houston [14th Dist.] 2004, pet. denied). 

          We cannot conclude that the trial court abused its discretion by excluding the
evidence of damage to the mini-van. See Malone, 972 S.W.2d at 43.

          Accordingly, we overrule appellants’ first issue.

CONCLUSIONWe affirm the trial court’s judgment. 

 

                                                             Laura Carter Higley 

                                                             Justice

 
Panel consists of Justices Taft, Hanks, and Higley.