Opinion issued October 23, 2009 











In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00227-CV






MARICELLA BENAVENTE, Appellant


V.


DANIEL GRANGER, Appellee






On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No. 2004-05295






O P I N I O N

 Appellant, Maricella Benavente, appeals from a judgment, rendered upon a jury
verdict, that she take nothing in her suit for damages resulting from a rear-end
automobile collision. In one issue, she contends that "the jury verdict is incorrect and
that [she] should have prevailed as a matter of law." We affirm.

BACKGROUND


 Appellee, Daniel Granger, rear-ended Benavente's car with his car. Granger
was driving in the left-most lane, approaching an intersection. Two or three cars were
stopped in front of him, where the light had only just turned green. Although the light
was green, Granger slowed down because the cars in front of him were not moving. 
He had observed traffic in the adjoining lane, and he estimated that he was driving
about 10 miles per hour more slowly than the drivers in the next lane.

 Granger's 10-year-old son, who was a passenger in the car, pointed out a
yellow car that was approaching the intersection from the side lane. Granger briefly
looked up at the yellow car, which he believed was a Lamborghini. When he looked
back, he saw that the cars in front of him were stopped on the other side of the
intersection. He braked hard, but his car hit the rear end of Benavente's car, which
then collided with the car in front of it. Granger testified at trial that there was very
little impact inside his car.

 Benavente sued Granger for negligence. Granger testified that he was alert, not
following too closely, and not speeding, although he conceded that he hit Benavente's
car. On cross-examination, he agreed that a driver should be attentive to traffic
around him, maintain a safe distance, and drive at a safe speed. The jury found that 
Granger was not negligent, and Benavente appealed.NATURE OF BENAVENTE'S CHALLENGE

 Benavente's sole issue asks "whether the jury verdict is incorrect and that
plaintiff should have prevailed as a matter of law." Although Benavente states that
"this is a legal sufficiency challenge," her issue is ambiguous as to whether she is
challenging the legal or factual sufficiency of the evidence. 

 Justice Calvert wrote, "It was said in the beginning that magic in words in
points of error should be as extinct as the dodo bird." See Robert W. Calvert, 'No
Evidence' and 'Insufficient Evidence' Points of Error, 38 Tex. Law Rev. 361, 371
(1960). He further advised:

 If the language of a point of error leaves a Court of Civil Appeals in
doubt as to whether it is a "no evidence" point, an "insufficient
evidence" point, or a "preponderance of the evidence point" point, the
Court should resolve the doubt by looking to the procedural predicate
for the point, the argument under the point, and the prayer for relief.


Id. at 372.

 When the party's brief was ambiguous, we and other courts of appeals have
looked to a party's prayer for relief to determine what standard of review to apply. 
See, e.g., Skains v. Torch Offshore, L.L.C., No. 01-07-00008-CV, 2008 WL 963039,
at *1 (Tex. App.--Houston [1st. Dist.] April 10, 2008, no pet.) (memo. op.)
(construing issue to be factual sufficiency when appellant cited legal sufficiency
standard of review, analyzed issue as factual sufficiency, and sought remand); City
of Univ. Park v. Van Doren, 65 S.W.3d 240, 246-47 (Tex. App.--Dallas 2001, pet.
denied) (construing appellate issue to be legal sufficiency when appellant described
issue in terms of factual sufficiency, but cited no standard of review and sought
rendition).

 Benavente's brief recites the legal sufficiency standard of review. However,
in her one-page argument, she argues for strict liability under the Texas
Transportation Code, saying that the "evidence is overwhelming that Mr. Granger
was negligent and there is absolutely no evidence whatsoever that Ms. Benavente was
negligent in any respect." This argument is more like one of factual sufficiency than
of legal sufficiency, as Benavente in essence argues that the verdict is against the
great weight and preponderance of the evidence. See Dow Chem. Co. v. Francis, 46
S.W.3d 237, 242 (Tex. 2001) ("When a party attacks the factual sufficiency of an
adverse finding on an issue on which she has the burden of proof, she must
demonstrate on appeal that the adverse finding is against the great weight and
preponderance of the evidence."). In addition, Benavente's prayer for relief seeks
remand, which is the proper remedy for factual insufficiency. Compare Glover v.
Tex. Gen. Indem. Co., 619 S.W.2d 400, 401-02 (Tex. 1981) (holding that remand for
new trial is remedy for factual insufficiency of evidence) with Beach v. Resolution
Trust Corp., 821 S.W.2d 241, 245 (Tex. App.--Houston [1st Dist.] 1991, no writ)
(holding that rendition is remedy for no evidence). 

 Moreover, in her motion for new trial, Benavente argued that "the evidence
presented at trial conclusively proved that defendant acted negligently, therefore, the
jury's findings were against the great weight and preponderance of the evidence."
Thus, Benavente's factual sufficiency challenge is preserved. See Tex. R. Civ. P.
324(b)(2).

 Considering the procedural predicate and her argument and prayer for relief,
we conclude that Benavente has challenged the factual sufficiency of the evidence to
support the jury's verdict that Granger was not negligent.

STANDARD OF REVIEW


 "When a party attacks the factual sufficiency of an adverse finding on an issue
on which she has the burden of proof, she must demonstrate on appeal that the
adverse finding is against the great weight and preponderance of the evidence." Dow
Chem. Co., 46 S.W.3d at 242. In reviewing a challenge that a finding is against the
great weight and preponderance of the evidence, we consider and weigh all of the
evidence and may set aside the verdict only if the finding is so against the great
weight and preponderance of the evidence that it is clearly wrong and unjust. Id.;
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). A jury may believe one witness and
disbelieve another, and it may resolve inconsistencies in any witness's testimony. 
Eberle v. Adams, 73 S.W.3d 322, 327 (Tex. App.--Houston [1st Dist.] 2001, pet.
denied).

NEGLIGENCE


 The jury charge included the following relevant definitions:

 "NEGLIGENCE" means failure to use ordinary care; that is to say,
failure to do that which a person of ordinary prudence would have done
under the same or similar circumstances, or doing that which a person
of ordinary prudence would not have done under the same or similar
circumstances.


 "ORDINARY CARE" means that degree of care which would be used
by a person of ordinary prudence under the same or similar
circumstances.


 "PROXIMATE CAUSE" means the cause which, in a natural and
continuous sequence, produces an event, and without which cause such
event would not have occurred; and in order to be a proximate cause, the
act or omission complained of must be such that a person using ordinary
care would have foreseen that the event, or some similar event, might
reasonably result therefrom. There may be more than one proximate
cause of an event.


 Benavente had the burden to prove that Granger was negligent and that his
negligence was a proximate cause of the occurrence. See Neese v. Dietz, 845 S.W.2d
311, 313 (Tex. App.--Houston [1st Dist.] 1992, writ denied). Benavente contends
that she proved Granger's negligence because the Texas Transportation Code requires
a driver to maintain a safe following distance and to control the speed of his car so
that he can "safely stop without colliding with . . . another vehicle." Tex. Transp.
Code Ann. §§ 545.062(a) (maintaining following distance), 545.351(b)(2)
(controlling car's speed) (Vernon 1999). Benavente argues, in essence, that the
collision itself is evidence that Granger violated those statutes and that violation of
those statutes proves specific acts of negligence. 

 "[A] statute that requires a driver proceed safely imposes on the driver a duty
of reasonable care, thus precluding a negligence per se instruction." La.-Pac. Corp.
v. Knighten, 976 S.W.2d 674, 675 (Tex. 1998); see also Pool v. Ford Motor Co., 715
S.W.2d 629, 631-32 (Tex. 1986) (concluding that court of appeals erred in holding
that negligence per se applied to speeding under article 6701d, section 171(b) of
former Texas Revised Civil Statutes). Likewise, a breach of section 545.062 does not
constitute negligence per se. Knighten, 976 S.W.2d at 675 & n.1 (construing
substantively same language in predecessor statute in article 6701d, section 61(a) of
former Texas Revised Civil Statutes). Section 545.062 imposes on the driver the
same duty of reasonable care as that imposed under the common law. See id.

 Under common law, the mere occurrence of a rear-end collision does not
establish negligence as a matter of law. Jordan v. Sava, Inc., 222 S.W.3d 840, 850
(Tex. App.--Houston [1st Dist.] 2007, no pet.); Neese, 845 S.W.2d at 314. The
plaintiff must prove specific acts of negligence on the part of the defendant driver and
must prove proximate cause. Neese, 845 S.W.2d at 314. With regard to rear-end
collisions, "standards of ordinary care cannot be fixed with any degree of certainty
but must be left in large measure to the trier of the facts." Id. Conflicts in the
witnesses' testimony present credibility questions for the jury to resolve. Id. at
314-15.

 The parties provided us with a partial reporter's record, consisting only of
Granger's trial testimony. (1) Granger testified that he looked away for a "brief
moment," that he was driving more slowly than surrounding traffic, that he was
slowing down as he approached cars stopped by a light that had just turned green, and
that he was not "tailgating." He testified that he was alert, although he also testified
that he was distracted from the car in front of him during the moment that he looked
at the yellow car. On the other hand, Granger also testified that he "ran into the back
of her car, yes, I did." Granger testified that it was not a forceful collision, saying,
"[I]t was a touch." When asked, "You can't say she was at fault, can you?," Granger
replied, "No, I can't." On cross-examination, Granger testified that, in general, a
driver should pay attention and maintain a speed and following distance that are safe
for the conditions. He later testified on redirect examination that he felt that he had
kept a safe distance.

 Considering all of the evidence provided, we hold that the jury's verdict was
not so contrary to the great weight and preponderance of the evidence that it was
clearly wrong and unjust. We overrule Benavente's sole issue.

Conclusion

 We affirm the judgment of the trial court.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Sharp and Taft. (2)


Justice Sharp, dissenting.

 

1. The parties here have agreed to proceed on a partial reporter's record. We "must
presume that the partial reporter's record designated by the parties constitutes the
entire record for purposes of reviewing the stated points or issues." Tex. R. App. P.
34.6(c)(4). 
2. The Honorable Tim Taft, retired justice, Court of Appeals for the First District of
Texas, participating by assignment.