Opinion issued July 28, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00473-CV

———————————

Sean Hampton, Appellant

V.

Lynna N.
Nguyen, Appellee



 



 

On Appeal from the 281st District Court

Harris County, Texas



Trial Court Case No. 2008-62882

 



 

MEMORANDUM OPINION

          Appellant
Sean Hampton sued appellee Lynna N. Nguyen for injuries sustained in an
automobile accident.  On appeal, Hampton
complains about the sufficiency of the evidence to support the jury’s finding
that he was negligent and its assignment of his proportionate responsibility.  Hampton also contends that the jury’s failure
to award damages for future impairment and disfigurement is against the great
weight and preponderance of the evidence. 
We affirm.

Background

          Hampton, a college student,
was driving to class when Nguyen’s vehicle struck his vehicle from behind.  Hampton sustained injuries to his neck and
hand, and his vehicle was also damaged. 
He sued Nguyen for negligence.  

At trial, Nguyen argued that
Hampton was negligent and that the accident was not the cause of his injuries.  Hampton
testified that he stopped to make a left turn into an apartment complex.  He stated that he had been completely stopped
for approximately 60 seconds before Nguyen’s vehicle collided with his.  When the collision occurred, Hampton was speaking
with a pedestrian through the passenger side of the vehicle.  He testified that he was leaning to the right
and reaching into the center console for a pen. 
Nguyen testified, however, that Hampton stopped suddenly and without
warning.  Nguyen recalled seeing the pedestrian to
her right and stated that Hampton’s vehicle had passed the entry for the
apartment complex and was at an intersection. 
She testified that Hampton’s vehicle was “pulled to the right” and that
he was not positioned to make a left-hand turn. 
She also testified that the left-rear side of Hampton’s bumper was
damaged, as opposed to the center or right-rear side, in the collision.

The trial court’s charge submitted
questions to the jury on both Hampton’s and Nguyen’s negligence, and in the
event that both were found negligent, the charge asked the jury to assign a
percentage of responsibility to each person. 
The jury found both Hampton and Nguyen negligent and assigned 40%
responsibility to Hampton and 60% to Nguyen. 
The trial court also submitted questions to the jury on past and future
damages, including future disfigurement and future physical impairment.  The jury awarded Hampton $3,332.30 in damages
for past disfigurement, physical pain and mental anguish, physical impairment,
and medical expenses, but it awarded no damages for future disfigurement and
physical impairment.  The trial court
reduced the award by Hampton’s percentage of responsibility and entered
judgment against Nguyen in the amount of $2,031.02.  Hampton filed a motion for judgment
notwithstanding the verdict, arguing that there was no evidence to support the
jury’s assignment of 40% responsibility to him and assessment of no future
damages.  The trial court denied the
motion, and Hampton appealed.  

Analysis

I.                 
Negligence finding and assignment of proportionate responsibility

In his first issue, Hampton challenges the
sufficiency of the evidence to support the jury’s finding of negligence
and assignment of 40% responsibility to him. 
Hampton argues that the evidence was
undisputed and conclusively established that he was rear-ended, and therefore
he could not be negligent.  Nguyen argues
that Hampton’s factual sufficiency issues are not preserved and that there was
legally sufficient evidence to support the jury’s verdict.

A.              
Legal
sufficiency

In a legal
sufficiency, or no-evidence, review, we determine whether the evidence would
enable reasonable and fair-minded people to reach the verdict under
review.  City of
Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). 
In making this determination, we credit favorable evidence if a
reasonable fact-finder could, and we disregard contrary evidence unless a
reasonable fact-finder could not.  Id.  We consider the evidence in the light most
favorable to the finding under review and indulge every reasonable inference
that would support it.  Id. at 822.  So long as the evidence falls within the zone
of reasonable disagreement, we may not substitute our judgment for that of the
fact-finder.  Id.  The trier of fact
is the sole judge of the credibility of the witnesses and the weight accorded
to their testimony.  Id. at 819.  Although we consider the evidence in the
light most favorable to the challenged findings, indulging every reasonable
inference that supports them, we may not disregard evidence that allows only
one inference.  Id. at 822.

The mere occurrence of
a rear-end collision is not of itself evidence of negligence as a matter of
law.  See,
e.g., Benavente v. Granger, 312
S.W.3d 745, 749 (Tex. App.—Houston [1st Dist.] 2009, no pet.); Neese v. Dietz, 845 S.W.2d 311, 314
(Tex. App.—Houston [1st Dist.] 1992, writ denied). The plaintiff must prove specific acts of negligence on the part
of the defendant driver and must prove proximate cause.  Neese, 845 S.W.2d at 314.  With regard to rear-end collisions,
“standards of ordinary care cannot be fixed with any degree of certainty but
must be left in large measure to the trier of the facts.”  Id. 
Conflicts in the witnesses’ testimony present credibility questions for
the jury to resolve.  Id. at
314–15.

Hampton contends that the “undisputed
evidence was that at the time of the accident [he] was lawfully stopped with
his left turn signal blinking and brake lights on waiting for traffic to
clear.”  Relying, in part, on section
545.062 of the Transportation Code, he argues that the evidence of Nguyen’s
negligence was conclusive because she rear-ended his vehicle and admitted to
being 100% at fault.  Section
545.062(a) provides: 

An
operator shall, if following another vehicle, maintain an assured clear
distance between the two vehicles so that, considering the speed of the
vehicles, traffic, and the conditions of the highway, the operator can safely
stop without colliding with the preceding vehicle or veering into another
vehicle, object, or person on or near the highway.

 

Tex.
Transp. Code Ann. § 545.062(a) (West 2011).

 

But Nguyen did not
admit fault, and there was disputed evidence suggesting Hampton’s
negligence.  Hampton testified that he had been completely stopped for
approximately 60 seconds before Nguyen’s vehicle collided with his, but Nguyen testified
otherwise, stating that Hampton stopped suddenly and without warning.  She stated that she saw Hampton’s brake
lights come on when he made a sudden stop, and that she applied her brakes, but
she was unable to avoid colliding with Hampton’s vehicle.

Hampton also testified that he was making a
left turn into an apartment complex.  He
testified that he was leaning to the right, talking to a pedestrian through the
passenger-side window, and trying to find a pen in his center console.  Nguyen recalled seeing the pedestrian to her
right and stated that Hampton’s vehicle had passed the entry for the apartment
complex and was at the intersection.  She
testified that Hampton’s vehicle was “pulled to the right” and that he was not
positioned to make a left turn.  She also
testified that the left-rear side of Hampton’s bumper was damaged, as opposed
to the center or right-rear side, in the collision.

The jury could have concluded
based upon Hampton’s and Nguyen’s testimony that
Hampton stopped suddenly or that he was distracted by a conversation with a
pedestrian.  The
jury is the sole judge of the credibility of the witnesses and the weight
accorded to their testimony.  City of Keller,
168 S.W.3d at 819.  When viewed in the light most favorable to the jury’s finding, the
evidence raises an issue as to whether Hampton acted negligently.  See
McDonald v. Dankworth, 212 S.W.3d 336, 340–45 (Tex. App.—Austin 2006, no
pet.).  Therefore, we hold that the
evidence was legally sufficient to support the jury’s finding that Hampton was
negligent and that his negligence was a proximate cause of the collision.  

With respect to apportionment of fault, the jury is given wide latitude in determining the
negligent parties’ proportionate responsibility.  Hagins
v. E-Z Mart Stores, Inc., 128 S.W.3d 383, 392 (Tex. App.—Texarkana 2004, no
pet); Rosell v. Cent. W. Motor Stages,
Inc., 89 S.W.3d 643, 659–60 (Tex. App.—Dallas 2002, pet. denied.).  As with our review of the sufficiency of the
evidence to support the negligence finding, we
consider the evidence in the light most favorable to the finding under review
and indulge every reasonable inference that would support it.  City of Keller, 168 S.W.3d
at 822.  If the evidence is sufficient to
support the jury’s negligence finding, the Court may not substitute its
judgment for that of the jury, even if the evidence could support a different
percentage allocation.  Rosell, 89 S.W.3d at 659–60; Samco Props., Inc. v. Cheatham, 977
S.W.2d 469, 478 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).  Having found sufficient evidence that both
Hampton and Nguyen were at fault, we find no basis for interfering with the
jury’s assignment of 40% responsibility to Hampton. 

B.              
Factual
sufficiency

Hampton also challenges the factual
sufficiency of the evidence to support the verdict, and he argues that the
findings are against the great weight and preponderance of the evidence.  

The
filing of a motion for new trial
is a prerequisite to an appellate complaint challenging the factual sufficiency
of the evidence supporting a jury finding.  See Tex. R. Civ. P. 324(b)(2); see, e.g., U.S.A. Precision Machining Co. v. Marshall, 95 S.W.3d 407, 411
(Tex. App.—Houston [1st Dist.] 2002, pet. denied).  Pro se litigants are held to the same standards as attorneys
and must comply with all applicable and mandatory rules of pleading and
procedure.  De Mino v. Sheridan, 176 S.W.3d 359, 369 n.17 (Tex. App.—Houston
[1st Dist.] 2004, no pet.).  To apply a
different set of rules to pro se litigants would give them an unfair advantage
over litigants represented by counsel.  Mansfield State Bank v. Cohn,
573 S.W.2d 181, 184–85 (Tex. 1978).  Hampton did not file a motion for new trial.  Accordingly, we hold that he has failed to
preserve this complaint on appeal. 
Hampton’s first issue is overruled.

II.              
Future damages

In his
second issue, Hampton contends that jury’s failure to award damages for
future impairment and disfigurement is against the great weight and
preponderance of the evidence.  In order
to preserve a complaint about the inadequacy or excessiveness of damages found
by the jury, the complaining party must file a motion for new trial.  See Tex. R. Civ. P. 324(b)(4).  Because Hampton did not file a
motion for new trial, we hold that this issue was not preserved, and we
overrule his second issue.

Conclusion

          We affirm the judgment of the trial court.

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Justices Jennings, Bland, and
Massengale.