**Ora STONE/Donald Sulak, Appellants,**

v.

**Donald SULAK/Ora Stone, Appellees.**

**No. 03–98–00364–CV.**

Court of Appeals of Texas,
Austin.

June 4, 1999.

David C. Wenholz, Reyes & Associates, P.C., Austin, for Appellants.

Nancy E. Green, Don W. Kothmann & Associates, Austin, for Appellees.

Before Chief Justice ABOUSSIE, Justices KIDD and POWERS.*

KIDD, Justice.

Ora Stone appeals the take-nothing judgment rendered against her claim that Donald Sulak negligently caused her injuries in a collision between their two cars. Stone contends that the trial court should have disregarded the jury's failure to find Sulak negligent, found Sulak negligent as a matter of law, and rendered judgment in her favor. We will affirm the judgment.

Stone has a heavy appellate burden in seeking reversal and rendition based on a jury issue on which she bore the burden of proof. We first consider only the evidence and inferences favorable to the jury's failure to find Sulak negligent and disregard all evidence and inferences to the contrary. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989); *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex.1982). Stone must first show that no evidence supports the jury's failure to find negligence; her challenge fails if more than a scintilla of evidence supports the jury's answer. *See Sterner*, 767 S.W.2d at 690; *Holley*, 629 S.W.2d at 696. Only if no evidence supports the jury's answer will we then proceed to examine whether the evidence conclusively establishes all vital facts in support of the issue. *See Sterner*, 767 S.W.2d at 690; *Holley*, 629 S.W.2d at 696–697.

Some facts underlying this cause are undisputed. The collision occurred in Austin at the intersection of Interstate Highway 35 and United States Highway 183. Stone preceded Sulak in a U-turn lane that allows vehicles on the southbound access road of I–35 to pass under I–35 and join the northbound access road of I–35. Stone stopped at the yield sign where the U-turn lane meets the northbound access road. Sulak pulled to within two feet of her rear bumper and stopped. Thereafter, his car collided with hers, pushing his bumper two to three inches underneath hers.

The parties dispute what happened at the yield sign. Stone testified that, after she stopped at the yield sign, she did not move again until the collision propelled her onto the access road. Sulak said that, after the initial stop, traffic cleared and Stone began to move forward. As she did, he released his brake and looked to his right for oncoming traffic; he saw room for both their vehicles to enter the access road. Meanwhile, he testified, Stone had stopped again. Sulak turned back to the front and saw Stone's brake lights, but could not stop his vehicle before it collided with the rear of her vehicle. (He did not remember whether his foot reached the brake pedal before the collision.)

The jury failed to find that *either* party's negligence proximately caused the collision. The jury nevertheless found Stone's injuries caused $10,101 in damages and expenses.

Texas courts have upheld failures to find in similar cases. The First District Court of Appeals has done so in two notable cases. *Weaver v. United States Testing Co.*, 886 S.W.2d 488 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Neese v. Dietz*, 845 S.W.2d 311 (Tex.App.—Houston [1st Dist.] 1992, writ denied). In *Neese*, the jury found no negligence in the rear-ending of a car at a yield sign at the intersection of a Houston freeway access road and Kirby Road. *Id.* at 314. The court wrote:

> We find the evidence is legally sufficient to support the jury's answers in light of defendant's testimony that plaintiff began to pull out onto Kirby and then stopped for no apparent reason, and de-

---

* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

fendant turned his head to look for oncoming traffic from Kirby only when he saw plaintiff's vehicle proceed onto Kirby.

*Id.* In *Weaver,* the jury failed to find negligence when a car rear-ended another car stopped at a stop light. The appellate court upheld the jury's finding, writing:

> We find the evidence presented was legally sufficient to support the jury's finding, in light of appellee's testimony that appellant began to pull out as if turning, then stopped, offered no explanation for her stop, and appellee turned his head to check oncoming traffic only when he saw appellant begin to turn. In light of this evidence, the jury could have reasonably inferred that the conduct of the appellee did not violate any standard of care, and, given the circumstances, was not negligent.

> After examining the entire record, pursuant to the second prong of the test for reviewing "matter of law" points of error, we determine that the converse of the jury finding was not established conclusively by the evidence. Therefore, we find that it was not established as a matter of law that appellee's negligence, if any, was a proximate cause of the occurrence.

*Weaver,* 886 S.W.2d at 491. The Fourth District Court of Appeals found the following testimony by a driver who rear-ended another factually sufficient to support a failure to find negligence:

> Well, as I was going to enter the expressway there was a car ahead of me and it appeared to slow down very slow at the yield sign and then it went on, and I took for granted it was going on and enter the expressway, and then as I was even with the yield sign, well, I was looking back to make sure the way was clear, and just as I was fixing to turn around, I collided with the back of Mr. Campos' car.

*Campos v. Smith,* 386 S.W.2d 823, 825 (Tex.Civ.App.—San Antonio 1965, no writ). Smith "further testified that the impact occurred about forty feet south of the yield sign, and that appellant must have stopped, although there was no southbound traffic on the expressway in front of appellant's automobile." *Id.* Other cases have yielded similar results. *See Vandyke v. Austin Indep. Sch. Dist.,* 547 S.W.2d 354, 356 (Tex.Civ.App.—Austin 1977, no writ) (affirming failure to find school-bus driver negligent for rear-ending car just off freeway exit ramp); *Gaitan v. Reyes Salvatierra,* 485 S.W.2d 602, 604 (Tex.Civ. App.—San Antonio 1972, no writ) (affirming failure to find driver negligent for rear-ending car on freeway entrance ramp); *Ruffin v. J.W. Weingarten, Inc.,* 387 S.W.2d 761, 763 (Tex.Civ.App.—Tyler 1965, no writ) (affirming failure to find truck driver negligent for rear-ending car that stopped during right turn at red light).

■ The evidence in our case favoring the jury's failure to find Sulak negligent resembles that in the cited cases. Stone stopped at the yield sign. Sulak pulled to a stop behind her. Stone started to enter the access road. Sulak took his foot off the brake and turned to look for oncoming traffic. Seeing no traffic that would prevent him or Stone from entering the access road, he turned his eyes to the front and saw Stone stopped. He could not stop before running into Stone's rear bumper. The jury could easily have determined that Sulak's stopping eighteen inches from Stone's bumper, taking his foot off the brake after she moved forward, and looking at oncoming traffic when preparing to merge did not differ from what a person of ordinary prudence would have done under the same or similar circumstances. The jury may also have determined that a person using ordinary care could not have foreseen that Stone would stop when there was an opening in access-lane traffic, so that his running into her when she stopped was not negligent. More than a scintilla of evidence favors the jury's failure to find that Sulak negligently and proximately caused the collision.

■ We further hold that the record does not conclusively show that Sulak was negligent. Though a rear-end collision may be some evidence of negligence of the rear-ending driver, we find no cases holding that a rear-end collision shows the negligence of the rear-ending driver as a matter of law. *See Vandyke*, 547 S.W.2d at 356; *Renshaw v. Countess*, 289 S.W.2d 621, 624 (Tex.Civ.App.—Fort Worth 1956, no writ). The case Stone cites that most closely resembles this case is distinguishable on small, but critical, differences. *See Hoey v. Solt*, 236 S.W.2d 244, 246 (Tex.Civ. App.—San Antonio 1951, no writ). Solt admittedly rear-ended Hoey's car while Hoey was stopped at a traffic light. *Id.* Solt claimed not to have seen Hoey or the traffic light because he was concerned about a car crowding him from his right. The jury found that the third driver was the sole proximate cause of the collision. *Id.* at 245. The appellate court rendered judgment for Hoey, opining that

> [i]t can not be gainsaid that one who fails to stop his automobile in response to a traffic signal, but propels the same into the rear end of an automobile which has stopped in obedience to the signal, is guilty of negligence proximately causing injury or damage unless such conduct is excused by some extenuating circumstance or condition.

*Id.* at 246. The appellate court found that the adjacent driver crowding the lane was not such an extenuating circumstance and rendered judgment for appellant. *Id.* Unlike Solt, who claimed not to have seen the stopped car or the traffic light, Sulak saw both the yield sign and the stopped car in front of him and stopped his car in deference to both. Unlike Solt, who looked away from the front because he was distracted by an adjacent car, Stone was required to look for oncoming traffic as he tried to merge onto the access road. And unlike Hoey, who was compelled by the traffic light to remain stopped, Stone (according to Sulak) had a clear lane of traffic to enter, started to enter, then stopped. These differences distinguish this case from *Hoey* and prevent us from concluding that Sulak was negligent as a matter of law.

Stone also argues that Sulak's admissions during his testimony show his negligence as a matter of law. Sulak stated that he stopped less than two feet behind her. We find no authority for the proposition that this shows negligence as a matter of law. Stone cites *Miller v. Wagoner* for the proposition that stopping within four feet of a leading car is negligent. 356 S.W.2d 363, 367 (Tex.Civ.App.—Austin 1962, no writ). In *Miller*, however, the court was reviewing the sufficiency of the evidence supporting jury findings that the lead car did not resume its forward motion before it was rear-ended and that the trailing car was driving too close to the lead car. *Id.* We have no such findings here— the only findings are contrary to those in *Miller*—and thus *Miller* does not controlled this case. Stone also argues we should find Sulak negligent as a matter of law for taking his foot off the brake when taking his eyes off of Stone's car, to which he was quite near. She also contends we should find Sulak negligent as a matter of law because the fact of the collision shows he did not properly apply his brakes. These are variations on the theme that a rear-end collision shows negligence as a matter of law; as discussed above, that theme has been rejected. *See Vandyke*, 547 S.W.2d at 356; *Renshaw*, 289 S.W.2d at 624. While these actions may be some evidence of negligence, they are not conclusive proof of negligence.

Appellee raised some complaints regarding the jury's findings contingent on our reversing the judgment. Having resolved the issues appellant raised in favor of the judgment, we affirm the trial-court judgment.