**Phillip Wayne PEARSON and Grace Kathryn Pearson, Appellants,**

v.

**DeBOER, INC., Appellee.**

**No. 13–01–827–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Jan. 30, 2003.

Frank Costilla, Brownsville, Mike Freden, Tom Hall, Hall & Freden, Forth Worth, for Appellants.

Audrey Haake, Brock & Person, P.C., Jacqueline M. Stroh, Sharon E. Callaway, Crofts & Callaway, Ricardo R. Reyna, San Antonio, for Appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and AMIDEI.[1]

## OPINION

Opinion by Chief Justice VALDEZ.

Phillip Wayne Pearson and Grace Kathryn Pearson appeal a take-nothing judgment in favor of DeBoer, Inc., in a suit involving a motor vehicle accident. Phillip Pearson was traveling on a multi-lane highway in stop and go traffic when his vehicle was struck from the rear by a tractor-trailer rig driven by Javier Garcia, who was driving in the course and scope of his employment with DeBoer, Inc. Pearson brought suit against Garcia and DeBoer, Inc. for property damage to his vehicle and

---

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

personal injuries to his head and neck.[2] Following trial, the case was submitted to the jury on a general negligence question ("Did the negligence, if any, of JAIME GARCIA proximately cause the occurrence in question?"), and the jury unanimously answered "no."

On appeal, the Pearsons attack the legal and factual sufficiency of the evidence to support the jury's finding that Jaime Garcia was not negligent. We affirm the judgment of the trial court.

### Standard of Review

When a party attacks the legal sufficiency of an adverse finding on which he has the burden of proof, he must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001). In reviewing a "matter of law" challenge, the reviewing court first examines the record for evidence that supports the finding while ignoring all evidence to the contrary. *Id.* Only if there is no evidence to support the finding, the reviewing court then examines the entire record to determine if the contrary proposition is established as a matter of law. *Id.* The point of error should be sustained only if the contrary proposition is conclusively established. *Id.* If there is any evidence of probative force to support the jury's findings, the sufficiency challenge must fail. *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997).

When a party attacks the factual sufficiency of an adverse finding on an issue on which he has the burden of proof, he must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow*

*Chem. Co.*, 46 S.W.3d at 242. The court of appeals must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). In doing so, the court of appeals must "detail the evidence relevant to the issue" and "state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict." *Dow Chem. Co.*, 46 S.W.3d at 242 (quoting *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986)).

### Background

At the time of the accident, the parties were traveling on I–635 in Dallas, Texas, at approximately 3:00 p.m. The roadway was dry and visibility was good. The parties do not allege that any vehicular malfunction caused the accident at issue. The speed limit on the interstate was sixty miles per hour, but in the course of one-half mile, traffic had come to a complete stop two times. After the second stop, Garcia increased his speed to thirty to thirty-five miles per hour, then traffic came to a stop again, and Garcia rear-ended Pearson. Traffic in the left lane was moving more rapidly than in Pearson's lane, and the other lanes had stopped or were stopping at the time of the incident.

Garcia testified that he was traveling at thirty miles an hour and was "real close" when he realized the traffic ahead of Pearson and in the lanes on either side was stopping. Only twenty-five feet separated the two vehicles when Garcia realized Pearson's vehicle was stopped. Garcia testified he did not have time to swerve to

---

2. During pre-trial proceedings, appellee DeBoer stipulated that Garcia was acting in the course and scope of his employment with DeBoer, and appellants agreed not to seek recovery from Garcia individually. Thus, Garcia is not a party to this appeal.

the left or right, or honk his horn. He testified that he was not distracted and was keeping a proper lookout, but that he "didn't expect for [Pearson] to stop so quickly." Garcia testified that he did not see any brake lights on Pearson's vehicle, "like he was still coasting, he was still moving." In response to questioning by defense counsel, Garcia testified he did not believe that Pearson did anything to cause the accident.

According to Pearson, the traffic had been "stop and go" for a "good ways." Pearson came to a "dead stop," leaving about ten feet separating his vehicle and the vehicle in front of him. The traffic started moving again, and Pearson shifted into first gear and began moving. Pearson testified that he "cleared" his mirror on the right and looked to the left, and the impact then occurred. The impact with Garcia did not propel Pearson's vehicle into the vehicle in front of him.

The parties did not stop their vehicles, but instead drove their vehicles to the side of the highway, and Pearson telephoned for assistance. Pearson declined medical assistance at the scene.

Appellants ask us to find the evidence factually and legally insufficient based on the fact that Garcia admittedly was following Pearson at a close distance to prevent anyone from cutting into his lane, that Garcia said he "couldn't judge" or "didn't' judge the distance properly," and that Garcia admitted that the accident was "partly" his fault. Nevertheless Garcia testified that he did not think the accident was preventable, and that he was unable to maintain a greater following distance "because of the traffic."

### Analysis

The mere occurrence of a rear-end automobile accident is not of itself evidence of negligence. *DeLeon v. Pick-*ens*, 933 S.W.2d 286, 289 (Tex.App.-Corpus Christi 1996, writ denied); *Neese v. Dietz*, 845 S.W.2d 311, 314 (Tex.App.-Houston [1st Dist.] 1992, writ denied); *Smith v. Cent. Freight Lines, Inc.*, 774 S.W.2d 411, 412 (Tex.App.-Houston [14th Dist.] 1989, writ denied); *Vandyke v. Austin Indep. Sch. Dist.*, 547 S.W.2d 354, 357 (Tex.Civ. App.-Austin 1977, writ denied). The plaintiff must prove specific acts of negligence on the part of the following driver and must also prove proximate cause. *Neese*, 845 S.W.2d at 314.

The issue of whether a rear-end collision raises an issue of negligence or establishes it as a matter of law depends on all the facts and circumstances of the particular case. *DeLeon*, 933 S.W.2d at 289. Whether the plaintiff succeeds in proving negligence and proximate cause by a preponderance of the evidence is within the jury's province to determine. *Smith*, 774 S.W.2d at 412.

Appellants base their arguments for reversal, in part, on section 545.062 of the transportation code, which requires a driver following another driver to maintain "an assured clear distance between the two vehicles." *See* TEX. TRANSP. CODE ANN. § 545.062 (Vernon Supp.2003). However, a breach of this section of the transportation code does not create per se negligence, but instead creates the same duty of reasonable care as under the common law. *Louisiana–Pac. Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex.1998) (per curiam).

"In cases of this character, standards of ordinary care cannot be fixed with any degree of certainty, but must be left in large measure to the trier of the facts." *Neese*, 845 S.W.2d at 314 (discussing rear-end vehicular collisions). The jury heard all of the evidence, observed the witnesses, and acquitted Garcia of any negligence

that was the proximate cause of the Pearsons' damages. The evidence is legally sufficient to support the jury's verdict in light of the parties' descriptions of the traffic patterns and Garcia's testimony regarding his perception of the traffic and Garcia's belief that Pearson's vehicle was moving with the traffic. *See ACS Investors, Inc.*, 943 S.W.2d at 430.

With regard to the factual sufficiency of the evidence, we agree with appellants that the jury had before it contradictory evidence in the record from which the jury might have reached a different conclusion. However, the conflicts in the evidence and the credibility of the witnesses were for the jury to resolve, not this Court. *See id.* Based on our review of the record, we cannot say that the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Cain,* 709 S.W.2d at 176.

We affirm the judgment of the trial court.