

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00248-CV

---

MICHAEL CAMPBELL                                                    APPELLANT

V.

CESAR PEREZ                                                          APPELLEE

----------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 096-257238-11

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

This is an appeal from a take-nothing judgment in a rear-end automobile collision suit.  In his two issues, Appellant Michael Campbell asserts that the evidence is legally and factually insufficient to support the jury's findings.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II.  Background

The testimony at trial revealed that both Campbell and Appellee Cesar Perez were headed west on Camp Wisdom.  At the intersection of Camp Wisdom and the Highway 360 access road, both parties entered the right lane to merge onto 360.  Campbell approached the intersection first and stopped; Perez stopped about half-a-car length behind him.

Campbell began to move forward, followed by Perez.  Campbell stopped; Perez stopped.  Campbell moved forward again; Perez looked to the left, proceeded, and rear-ended Campbell, who had stopped again.

Campbell sued Perez for negligence, seeking damages for his personal injuries and lost wages.  A jury found that Perez's negligence, if any, did not proximately cause the collision, and the trial court entered a take-nothing judgment.

## III.  Standards of Review

A party challenging the legal sufficiency of an adverse finding on an issue on which the party had the burden of proof at trial must demonstrate on appeal that the evidence conclusively established, as a matter of law, all vital facts in support of the issue.  *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).  The reviewing court first examines the record for evidence that supports the finding, crediting favorable evidence if a reasonable fact-finder could, while disregarding contrary evidence, unless a reasonable fact-finder could not.  *Id.*; *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).  If no evidence

2

supports the finding, then the reviewing court will examine the entire record to determine if the contrary proposition is established as a matter of law. *Dow Chem. Co.*, 46 S.W.3d at 241.

When a party attacks the factual sufficiency of an adverse finding on an issue on which the party had the burden of proof, it must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Id.* at 242.

In performing these evidentiary-sufficiency reviews, we must be mindful that the fact-finder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696–97 (Tex. 1986); *Nwokedi v. Unlimited Restoration Specialists, Inc.*, 428 S.W.3d 191, 199, 205 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). It is responsible for resolving conflicts in the evidence, and it may believe one witness and disbelieve another. *McGalliard*, 722 S.W.2d at 697. We may not reweigh the evidence and set aside a finding merely because we are of the opinion that a different result is more reasonable. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 634 (Tex. 1986).

## IV. Discussion

Campbell challenges on appeal the legal and factual sufficiency of the jury's finding that Perez was either not negligent or did not proximately cause the collision. The jury charge read, "Did the negligence, if any, of Cesar Pérez

3

proximately cause the occurrence in question?" The jury answered, "No." The charge contained the following definitions:

> "Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

> "Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

> "Proximate cause" means that cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

We evaluate the evidence presented at trial in light of these definitions. *See City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 71 (Tex. 2000).

## A. Legal Sufficiency

Campbell argues that he conclusively established at trial that Perez was negligent and such negligence was the proximate cause of the collision.

### 1. Judicial Admission

Specifically, Campbell asserts that because Perez admitted in his testimony that (1) he hit Campbell from behind, (2) he was liable, (3) he was fully at fault, and (4) Campbell suffered some damages, these admissions establish that Perez was negligent and such negligence was the proximate cause of the collision as a matter of law.

4

"A party's testimonial declarations which are contrary to his position are quasi-admissions." *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980). Quasi-admissions are merely some evidence and are not conclusive. *Id.* Judicial admissions, on the other hand, are conclusive, and they "relieve[] the opposing party's burden of proving the admitted fact, and bar[] the admitting party from disputing it." *Id.* Two of the requirements for treating a party's testimonial quasi-admission as a conclusive judicial admission include (1) the statement must be "contrary to an essential fact embraced in the theory of recovery or defense asserted by the person giving the testimony" and (2) the statement must be "deliberate, clear, and unequivocal" and "[t]he hypothesis of mere mistake or slip of the tongue must be eliminated." *Id.* (citing *United States Fid. & Guar. Co. v. Carr*, 242 S.W.2d 224, 229 (Tex. Civ. App.—San Antonio 1951, writ refused)).

The relevant portions of Perez's testimony are below:

### DIRECT EXAMINATION

[Plaintiff's Counsel]: And, Mr. Perez, you admit hitting Michael's Cadillac on February 20th, 2010; is that correct?

[Perez]: That's correct.

. . . .

[Plaintiff's Counsel]: And you admit that this wreck was your fault?

[Perez]: That is correct.

. . . .

5

[Plaintiff's Counsel]:  And Michael did nothing to contribute to this car wreck?

[Perez]:  No sir.

. . . .

[Plaintiff's Counsel]: Okay.  But you don't believe that he was hurt, do you?

[Perez]:  This is what I feel about this accident:  Yes, I'm liable for the accident.  Yes, I rolled my car into his car.  No, I don't think that this accident caused the damages to his body.

. . . .

### CROSS-EXAMINATION

[Defense Counsel]: Okay.   And then what happened when you proceeded forward?

[Perez]:  Well, as I proceeded to take a right at the YIELD sign, Mr. Campbell approached -- he went forward.
I mean, as a driver, you always have to look to the left, to the right, to whatever way I was proceeding.  I was proceeding to the right.  So I'm driving.  I looked to the left to see if any cars were coming.
. . . He scoots forward, so I scoot forward.   And then he . . . did it again.  He scoots forward like a half car length again.  So we proceeded.
. . . Half of the car is, like, sticking out towards Highway 360, Camp Wisdom.
. . .
So as I proceeded . . . I got in contact with the car.

. . . .

[Defense Counsel]: That day, were you, in your opinion, driving negligently?

[Perez]:  No, ma'am.

6

[Defense counsel]: And what were you doing immediately before the contact between these vehicles?

[Perez]: I was driving. I was looking to the left and to the right to proceed forward.

[Defense counsel]: Because the traffic was coming to your left; is that correct?

[Perez]: Yeah. That is correct. Yes, ma'am.

. . . .

[Defense Counsel]: Okay. Again, plaintiff's counsel discussed [with] you and -- asked you whether you were at fault for this accident. And can you clarify your understanding of the difference between "fault" and "negligence."

[Perez]: Yes. I do believe I am at fault for the accident. I don't -- I don't believe I'm a negligent driver. My car, yes, it was – it was in contact with the vehicle. . . . And, yes, I -- [l]ike I said, I do believe I'm at fault. But, no, I don't think that this accident caused these damages that he's requesting here or seeking me --

. . . .

### REDIRECT EXAMINATION

[Plaintiff's Counsel]: And would a reasonable person keep his car stopped until it was safe to go?

[Perez]: Yes.

. . . .

[Plaintiff's Counsel]: And a reasonable and prudent person wouldn't move their car without looking straightforward ahead, because he was in front of you; is that correct?

[Perez:] That's correct.

. . . .

7

## RECROSS-EXAMINATION

[Defense Counsel]: Mr. Perez, would a reasonably prudent person be required to look left when at a YIELD sign turning right?

[Perez]:   That is correct.

During closing arguments, Perez's attorney argued to the jury that "fault" was not the same as "negligence" and that there was a difference between the common usage and the legal usage.  As such, Perez's admission that he was at fault does not conflict with his apparent defensive theory that Perez did what any other reasonable person would have done in the same or similar circumstances. Given the testimony as a whole, Perez's admission of fault was simply an admission that his car rear-ended Campbell's and not that he was negligent in doing so.

Further, Perez's repeated assertions that he did not cause the damage Campbell was seeking is in direct contradiction to Perez's use of the term "liable," and it is possible that Perez used the terms "liable" and "fault" interchangeably. As such, this language does not qualify as a deliberate, clear, and unequivocal admission of liability.  *See Risinger v. Shuemaker*, 160 S.W.3d 84, 90 (Tex. App.—Tyler 2004, pet. denied) (holding that an appellee's concession that his vehicle hit the appellant was a quasi-admission when he admitted neither being negligent nor proximately causing appellant's injuries).

Therefore, Perez's statements are quasi-admissions; accordingly, they are only some evidence and are not conclusive as to Perez's negligence.  *Mendoza,*

8

606 S.W.2d at 694 (noting that quasi-admissions are merely some evidence and are not conclusive upon the admitter, and the trier of fact determines the weight to such admissions).

### 2. Negligence

In our analysis of the legal sufficiency of the evidence, we first examine the record for evidence supporting the finding that reasonable jurors could believe, disregarding all contrary evidence that reasonable jurors could ignore. *City of Keller*, 168 S.W.3d at 807. Here, the testimony indicated that both parties were stopped at an intersection controlled by a yield sign and both intended to merge onto 360. Perez testified that he came to a complete stop behind Campbell; when Campbell began advancing, he looked to the left to check for oncoming traffic; and then he moved forward, hitting Campbell's vehicle, which had stopped again. Perez testified that he was at a complete stop before the impact, and while he was at fault for hitting Campbell, he was not driving negligently nor did he believe that he caused the amount of damage Campbell claimed. This testimony provides some evidence that Perez acted with ordinary prudence and, consequently, constitutes legally sufficient evidence to support the jury's finding that Perez was not negligent. *See Stone v. Sulak*, 994 S.W.2d 348, 350 (Tex. App.—Austin 1999, no pet.) (affirming legal sufficiency of no-negligence finding where testimony showed that the driver looked over his shoulder to gauge oncoming traffic, then collided with vehicle that had stopped at yield sign).

We overrule Campbell's first issue.

9

**B. Factual Sufficiency**

We now turn to the factual sufficiency analysis, under which we consider and weigh all of the evidence, setting aside the verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

The mere occurrence of a rear-end collision is some evidence of negligence of the rear-ending driver but is not negligence as a matter of law. *See Briones v. Sharkey*, No. 04-11-00584-CV, 2012 WL 3776488, at *6 (Tex. App.—San Antonio Aug. 31, 2012, no pet.) (mem. op.); *Hernandez v. Kaplan*, No. 13-02-00091-CV, 2004 WL 170457, at *2 (Tex. App.—Corpus Christi Jan. 29, 2004, no pet.) (mem. op.); *Stone*, 994 S.W.2d at 351; *Neese v. Dietz*, 845 S.W.2d 311, 314 (Tex. App.—Houston [1st Dist.] 1992, writ denied); *Renshaw v. Countess*, 289 S.W.2d 621, 624 (Tex. Civ. App.—Fort Worth 1956, no writ). The plaintiff must prove specific acts of negligence on the part of the following driver as well as proximate cause. *Neese*, 845 S.W.2d at 314.

The issue of whether a rear-end collision raises an issue of negligence or establishes it as a matter of law depends on all the facts and circumstances of the particular case. *Pearson v. DeBoer, Inc.*, 99 S.W.3d 273, 276 (Tex. App.—Corpus Christi 2003, no pet.). Whether the plaintiff succeeds in proving negligence by a preponderance of the evidence is within the jury's province to determine. *Id.*

10

The evidence supporting the jury's finding was summarized above. In addition, we must now consider the evidence against the verdict. Perez rear-ended Campbell and admitted fault, which are both some evidence of negligence. In addition, Campbell, a former patrol officer with over thirteen years' experience, described for the jury the intersection where the accident occurred and explained that a YIELD sign controlled the right turn onto 360. He explained that if there was oncoming traffic, then that YIELD sign turned into a STOP sign. He further testified that when he stopped to yield to oncoming traffic, Perez hit him.[2] When describing the impact for the jury, Campbell said, "It was a very hard car crash . . . it felt like someone had just. . . hit me in the back really, really, hard with a baseball bat."

In other cases where Texas courts have affirmed a jury's failure to find a defendant negligent in a rear-end collision involving one lane of traffic yielding the right-of-way to another, the courts have stated,

> The jury heard all of the evidence, observed the witnesses and acquitted defendant of any negligence. In cases of this character standards of ordinary care cannot be fixed with any degree of certainty but must be left in large measure to the trier of the facts. The jury is not only the judge of the facts and circumstances proven, but may also draw reasonable inferences and deductions from the evidence adduced before it.

*Gaitan v. Reyes Salvatierra*, 485 S.W.2d 602, 604 (Tex. Civ. App.—San Antonio 1972, no writ.); *see also Neese*, 845 S.W.2d at 314.

---

[2]Other testimony at trial included Campbell's chiropractor, supervisor, and friend. However, all of this testimony concerned damages.

11

Here the court defined negligence in the jury charge as the "failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances."

Although there is evidence in the record to support a jury finding that Perez was negligent on the day of the accident, the evidence also supports the finding that he was not negligent. Perez testified that when he looked, Campbell's car was halfway onto the access road, which could support an inference that Campbell was merging onto the highway. The jury chose to believe Perez's testimony as to the events that occurred prior to the collision and determined that he did not fail to use ordinary care. After reviewing the entire record and the evidence in support of and against Perez's negligence, we do not find that the great weight and preponderance of the evidence supports a reversal of the jury's finding of no negligence.

We overrule Campbell's second issue.

## V. Conclusion

Having overruled both of Campbell's issues, we affirm the trial court's judgment.

/s/ Charles Bleil

CHARLES BLEIL
JUSTICE

12

PANEL:  WALKER and MEIER, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DELIVERED:  March 5, 2015