

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00254-CV

_____

KEVAN MOTT, Appellant

V.

ROYCE YOUNG, Appellee

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. C2022663

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I.  INTRODUCTION

Appellant Kevan Mott brought a claim for negligence after his motor vehicle was rear-ended at an intersection by Appellee Royce Young.  The case was tried to a jury, and it found that Young's negligence, if any, did not proximately cause the collision.

In two issues on appeal, Mott complains that the jury's failure to find that Young's negligence proximately caused the collision is not supported by legally and factually sufficient evidence.  We will affirm.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In the dark morning hours of February 2021, Mott's vehicle was struck from behind by Young's vehicle while the two were at a traffic intersection.  Mott subsequently filed suit, and a trial commenced.

Mott testified at trial that he was stopped at a traffic light that was red and that he did not see Young prior to the collision.  Young testified that he came to a complete stop behind Mott at the traffic light and surveyed the surrounding area. Once the traffic light turned green, Mott and Young began to move with traffic.  At the same time, headlights from a car in an adjacent parking lot shined on Young, which caused him to glance over to the parking lot.  Young thought traffic was still moving, but instead, his vehicle collided with the rear of Mott's vehicle.  Young

maintained that he was not distracted or on his phone prior to the collision, but he admitted to causing the collision.

After hearing all of the evidence, the jury was presented with the court's charge which posed in question one, "Did the negligence, if any, of Royce Young, proximately cause the occurrence in question?" The jury returned a finding of "no." Mott filed motions to disregard the jury's findings and for a new trial, but the trial court denied his motions and entered the judgment. This appeal followed.

## III. STANDARD OF REVIEW

We may sustain a legal-sufficiency challenge—that is, a no-evidence challenge—only when (1) the record bears no evidence of a vital fact, (2) the rules of law or of evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018).

When a party attacks the legal sufficiency of an adverse finding on an issue on which the party had the burden of proof, the party must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Cath. Diocese of El Paso v. Porter*, 622 S.W.3d 824, 834 (Tex. 2021). In reviewing a "matter of law" challenge, we must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). If no evidence supports the finding, then we will

examine the entire record to determine if the contrary position is established as a matter of law. *Id.* We will sustain the issue only if the contrary position is conclusively established. *Id.* Evidence conclusively establishes a fact when the evidence leaves "no room for ordinary minds to differ as to the conclusion to be drawn from it." *Int'l Bus. Mach. Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 235 (Tex. 2019).

In reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding and order a new trial only if, after considering and weighing all the pertinent record evidence, we determine that the credible evidence supporting the finding is so contrary to the overwhelming weight of all the evidence as to be manifestly unjust, shock the conscious, or clearly demonstrate bias. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

In performing evidentiary-sufficiency reviews, we must be mindful that the fact-finder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696–97 (Tex. 1986); *Nwokedi v. Unlimited Restoration Specialists, Inc.*, 428 S.W.3d 191, 199, 205 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). The fact-finder is responsible for resolving conflicts in the evidence, and it may believe one witness and disbelieve another. *McGalliard*, 722 S.W.2d at 697. We may not reweigh the evidence and set aside a

4

finding merely because we are of the opinion that a different result is more reasonable. *Pool*, 715 S.W.2d at 634.

## IV. DISCUSSION

Mott complains that the evidence was legally and factually insufficient to support the jury's finding that Young was not negligent. We disagree.

The elements of a negligence claim are (1) the existence of a legal duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Rodriguez–Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013). Mott thus had the burden to prove that Young was negligent and that his negligence was a proximate cause of Mott's damages. *See Neese v. Dietz*, 845 S.W.2d 311, 313 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

It is well established that the mere occurrence of a rear-end collision may be some evidence of negligence, but it does not prove negligence as a matter of law. *See, e.g., Vigil v. Kirkland*, No. 02-16-00147-CV, 2017 WL 2471091, at *2 (Tex. App.—Fort Worth June 8, 2017, no pet.) (mem. op.); *Campbell v. Perez*, No. 02–14–00248–CV, 2015 WL 1020842, at *4 (Tex. App.—Fort Worth Mar. 5, 2015, no pet.) (mem. op.); *Benavente v. Granger*, 312 S.W.3d 745, 749 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Pearson v. DeBoer, Inc.*, 99 S.W.3d 273, 276 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.). Therefore, Mott must still prove specific acts of negligence by Young, as well as proximate cause. *See Vigil*, 2017 WL 2471091, at *2 (citing *Campbell*, 2015 WL 1020842, at *4; *Benavente*, 312 S.W.3d at 749). Whether Mott succeeded in

5

proving negligence by a preponderance of the evidence was within the jury's province to determine. *Id.* (citing *Campbell*, 2015 WL 1020842, at *4; *Pearson*, 99 S.W.3d at 276).

## A. LEGAL SUFFICIENCY

Mott first argues that the evidence established Young's negligence as a matter of law. To support this argument, Mott points out that his vehicle was completely stopped at the intersection before Young rear-ended him. He further notes that Young admitted to causing the collision "without excuse, without any third party's fault, without a sudden emergency, without any mechanical problems, without weather being a factor, [and] without conditions for the road being a factor."

Applying the legal sufficiency standard of review, however, we begin by examining the evidence that supports the jury's "no" answer to question one—we do not first examine the evidence pointed to by Mott as contrary to the jury's "no" answer to question one. *See Dow Chem. Co.*, 46 S.W.3d at 241. We credit all evidence favorable to the jury's "no" answer if a reasonable fact-finder could, and we disregard evidence that is contrary to the jury's "no" answer unless a reasonable fact-finder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Mott argues that, applying this standard, "no reasonable juror would conclude that the collision resulted according to Mr. Young's testimony."

Young testified that he came to a complete stop at the traffic light behind Mott's vehicle and surveyed the surrounding area. Young contended that he was looking ahead when the traffic light changed, and he proceeded forward only after

6

Mott and all of the other traffic began to move. He described that it was dark outside and at the same time he began to move, headlights from a nearby car shined on him, which caused him to glance over at the adjacent parking lot. Young explained that he struck Mott's vehicle when he looked back around to the road. He insisted that he was not distracted or using his phone and that he was traveling with traffic, between five to ten miles per hour, when the collision occurred.

The jury was free to believe Young's testimony regarding why the accident happened, and we defer to the jury's credibility determinations. *See McGalliard*, 722 S.W.2d at 696–97; *Nwokedi*, 428 S.W.3d at 199. The jury could have determined that no specific act by Young constituted failure to use ordinary care, that is, the failure to do, or the doing of, that which a person of ordinary prudence would or would not have done under the same or similar circumstances. *See, e.g., Campbell*, 2015 WL 1020842, at *5 (upholding jury finding of no negligence by defendant driver in rear-end collision); *Pearson*, 99 S.W.3d at 276–77 (same); *Stone v. Sulak*, 994 S.W.2d 348, 350 (Tex. App.—Austin 1999, no pet.) (same); *DeLeon v. Pickens*, 933 S.W.2d 286, 289–90 (Tex. App.— Corpus Christi–Edinburg 1996, writ denied) (same).

Mott also notes that Young admitted causing the collision as further evidence of his negligence as a matter of law. However, quasi-admissions (a party's testimonial declarations that are contrary to his position) are merely some evidence; they are not conclusive. *Campbell*, 2015 WL 1020842, at *2 (citing *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980). In contrast, judicial admissions are

7

conclusive, and they "relieve[ ] the opposing party's burden of proving the admitted fact, and bar[ ] the admitting party from disputing it." *Mendoza*, 606 S.W.2d at 694. Mott does not contend that Young judicially admitted that he failed to use ordinary care, and we conclude that Young's statements regarding responsibility and ordinary care are not judicial admissions. *See id.* These statements are merely quasi-admissions; thus, they are only some evidence and are not conclusive as to Young's negligence. *See Roberts v. Staples*, 644 S.W.3d 738, 744 (Tex. App.—Texarkana 2022, no pet.) (holding defendant's "admission of fault, descriptions of how the accident occurred, and testimony about what he could have done differently, including putting the car in park after he came to a full stop, 'may be some evidence that what [ ]he did do constituted negligence, [but] it does not establish negligence . . .' in light of his testimony that he hit the accelerator by accident").

Deferring to the jury's weight and credibility determinations, we conclude that some evidence exists supporting the jury's finding that Young was not negligent. *See McGalliard*, 722 S.W.2d at 696–97. Young testified that he had stopped at the light, surveyed the area, looked ahead, and only proceeded with traffic once the light was green. Young also stated that he looked away after traffic started moving only because he was distracted by another car's headlights.

Therefore, some evidence exists that Young used the degree of care that would be used by a person of ordinary prudence under the same circumstances. *See Campbell*, 2015 WL 1020842, at *4. Accordingly, we hold that the evidence is legally sufficient

8

to support the jury's "no" answer to question one. *See Dow Chem. Co.*, 46 S.W.3d at 241; *Campbell*, 2015 WL 1020842, at *4; *see also Stone*, 994 S.W.2d at 350 (affirming legal sufficiency of no-negligence finding where testimony showed that the driver collided with a vehicle that had stopped at a yield sign after he looked over his shoulder to gauge oncoming traffic). We overrule Mott's first issue.

## B. FACTUAL SUFFICIENCY

Mott next raises a factual sufficiency challenge, claiming that the jury's failure to find that Young was negligent was contrary to the great weight and preponderance of the evidence. *See Pool*, 715 S.W.2d at 635.

In applying the factual sufficiency standard of review, and considering to all of the evidence of negligence, we again defer to the jury's resolution of weight and credibility determinations. *See McGalliard*, 722 S.W.2d at 696–97; *see also Trelltex, Inc. v. Intecx, L.L.C.*, 494 S.W.3d 781, 790 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("This court is not a fact-finder . . . . We may not, therefore, pass upon the witnesses' credibility or substitute our judgment for that of the jury, even if the evidence would also support a different result.").

And although there is evidence in the record that would support a finding that Young was negligent, evidence also exists that supports the jury's finding that he was not negligent. *See Campbell*, 2015 WL 1020842, at *5; *Benavente*, 312 S.W.3d at 749–50. Young contends that he was attentive while operating his vehicle on the roadway, and he provided a reason for why his gaze was momentarily averted—a shining light.

9

In our review of the entire record, and the evidence in support of and against Young's negligence, we conclude that the jury's "no" answer to question one is not so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *See Dow Chem. Co.*, 46 S.W.3d at 242; *Vigil*, 2017 WL 2471091, at *1 (concluding evidence factually sufficient to support a finding of no negligence even though driver rear-ended plaintiff after she took her eyes off the road). We overrule Mott's second issue.

## V. CONCLUSION

Having overruled Mott's two issues, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Delivered: February 6, 2025

10